**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48880**

| | | |
|---|---|---|
| In the Matter of: John Doe I and Jane Doe I, Children Under Eighteen (18) Years of Age. | ) ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) | Filed: September 16, 2021 |
| Petitioner-Respondent, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| JOHN DOE (2021-21), | ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Theodore J. Fleming, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Terry S. Ratliff, Elmore County Public Defender; Mountain Home, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John R. Shackelford, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

John Doe appeals from the judgment terminating his parental rights to his minor children. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arose after Doe was arrested and charged with lewd and lascivious conduct with a minor and sentenced to life with ten years determinate. Since the natural mother of Doe's children was also in custody, the children were sheltered by the Idaho Department of Health and Welfare (Department). In January 2018, a case plan was approved for both Doe and the children's mother. However, after little progress was made in the case plan and with Doe still in

1

custody and eligible for parole in six years, a termination hearing was held in March 2021. The children's mother did not contest the termination of her parental rights. After the hearing, the magistrate court terminated Doe's parental rights.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate

court's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## III.

## ANALYSIS

Doe argues that the magistrate court erred in terminating his parental rights. Specifically, Doe asserts that the magistrate court abused its discretion by terminating his parental rights when the guardian ad litem had no contact with him during the case and when he had not received any counseling in order to re-establish contact with his children. Further, Doe argues that the magistrate court did not perform the requisite analysis in determining whether his period of incarceration was substantial under I.C. § 16-2005(1)(e).

While Doe lists as issues in his brief that the magistrate court abused its discretion by terminating his parental rights when he had not been contacted by the guardian ad litem during the case or received counseling in order to re-establish contact with his children, he provides no argument or authority in support of these assertions. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). Therefore, we do not consider these issues asserted by Doe.

Doe next argues that the magistrate court, when determining whether his period of incarceration was substantial under I.C. § 16-2005(1)(e), failed to perform the requisite analysis set forward by this Court in *Idaho Dep't of Health & Welfare v. Doe*, 151 Idaho 605, (610), 261 P.3d 882, 887 (Ct. App. 2011). However, the magistrate court's finding of neglect was not based on the length of Doe's incarceration under I.C. § 16-2005(1)(e), but on I.C. § 16-2002(3)(a), since Doe's conduct fit the definition of neglect under I.C. § 16-1602(31) and I.C. § 16-2002(1)(d), as Doe

3

was unable to discharge his parental responsibilities. These findings are supported by substantial and competent evidence. Since the magistrate court did not rely on I.C. § 16-2005(1)(e) in its finding of neglect, it was not required to analyze whether the length of Doe's incarceration was substantial. Therefore, Doe's argument fails.

## IV.
## CONCLUSION

There is substantial and competent evidence to support the magistrate court's finding of neglect. Therefore, we affirm the magistrate court's judgment terminating Doe's parental rights.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.