**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49669**

| | |
|---|---|
| In the Interest of: Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) |
| Petitioner-Respondent, | ) Filed: August 2, 2022 ) ) Melanie Gagnepain, Clerk |
| v. | ) ) THIS IS AN UNPUBLISHED |
| JOHN DOE (2022-16), | ) OPINION AND SHALL NOT ) BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Anthony R. Geddes, Ada County Public Defender; Joshua Mills, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Peter Mommer, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

John Doe appeals from the magistrate court's judgment terminating his parental rights. Doe argues the magistrate court erred by finding that it is in the child's best interests to terminate Doe's parental rights. Because the record contains substantial and competent evidence to support the magistrate court's finding that terminating Doe's parental rights is in the best interests of the child, the magistrate court's judgment terminating Doe's parental rights is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the father of J.G. In September 2020, Doe was arrested for an outstanding warrant and served ninety days in jail. At the time of Doe's arrest, J.G.'s mother was also incarcerated, so

1

J.G. was placed in foster care. The magistrate court granted the Department of Health and Welfare (Department) temporary custody of J.G. In November 2020, the magistrate court ordered a case plan for Doe as part of reunification efforts and approved an extended home visit (EHV) for J.G. with Doe to begin upon Doe's release from incarceration.

The Department ended the EHV in April 2021 after Doe stopped communicating with the Department, his housing status was unknown, and the Department received multiple concerning reports from J.G.'s school. On September 30, 2021, the State filed a petition to terminate Doe's parental rights to J.G. The termination trial began in April 2022. After the trial, the magistrate court found Doe neglected J.G. and termination of his parental rights is in J.G.'s best interests. Accordingly, the magistrate court entered judgment and terminated Doe's parental rights to J.G. Doe timely appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory

ground is an independent basis for termination.  State v. *Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007).

**III.**

**ANALYSIS**

On appeal, Doe does not challenge the magistrate court's finding that Doe neglected J.G. pursuant to I.C. § 16-2005(1)(b), but argues the magistrate court abused its discretion by finding termination is in J.G.'s best interest.  In response, the State argues the magistrate court correctly found termination is in J.G.'s best interest.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991).  When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law.  *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014).  A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds.  *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court concluded terminating Doe's parental rights is in J.G.'s best interests due to Doe's inability to be a safe, stable, sober, and consistently present caregiver to J.G.  In support of this conclusion, the magistrate court found that Doe had a lengthy history of addiction which he was slow to acknowledge and he had not addressed by completing substance abuse treatment.  The magistrate court also found that Doe's unaddressed anger was an obstacle in his daily functioning and made it difficult for him to successfully interact with schools, service providers, the Department, and the court.  The magistrate court also discussed Doe's inability to maintain stable housing.  Upon his release from incarceration in December 2020, Doe obtained subsidized housing but lost that housing and the opportunity of the EHV with J.G. within three months.  Doe reported obtaining new housing, but he again lost his housing in December 2021 when he was incarcerated for possession of methamphetamine.  At the time of the termination

3

trial, Doe was living in a hotel while he waited for a room in a sober living facility where J.G. could not reside. The magistrate court found that requiring J.G. to remain in foster care for an indefinite period in hopes that Doe would address his mental health issues, substance abuse, and general instability would be emotionally damaging to J.G. Moreover, the magistrate court found that in J.G.'s current foster home, J.G. appears "calm" and "safe" and as a result, J.G. has improved behavior and educational success. The magistrate court noted that for J.G. to maintain that improvement, J.G. needs a structured home environment and a clear schedule which Doe cannot provide.

Doe does not challenge any of the magistrate court's findings. Rather, Doe argues the magistrate court appears to have viewed its only options at the termination trial as to either terminate Doe's parental rights on that day or return J.G. to Doe on that day. Doe also asserts the magistrate court failed to sufficiently take into account the effort Doe made in the case and the positive interactions and strong bond between Doe and J.G. These arguments are unavailing. The magistrate court recognized it had the option to allow J.G. to remain in foster care and found that doing so would be detrimental to J.G. The court also acknowledged the bond between Doe and J.G. and found that the emotional pain J.G. would experience as result of termination was significant, but necessary to provide J.G. with a chance for a safe and secure future. The magistrate court did not err when it concluded that termination of Doe's parental rights is in the best interests of J.G.

## IV.

## CONCLUSION

The magistrate court's conclusion that terminating Doe's parental rights is in the child's best interests is supported by clear and convincing evidence. Accordingly, the magistrate court's judgment terminating Doe's parental rights is affirmed.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.