**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 35784**

| | |
|---|---|
| IN THE MATTER OF THE TERMINATION OF PARENTAL RIGHTS OF: JOHN DOE 1 ) ) ) | |
| ------------------------------------------------------- ) | Boise, September 2009 Term |
| JANE DOE and JOHN DOE 1, ) | |
| ) | 2009 Opinion No. 131 |
| Appellants-Respondents, ) | |
| ) | Filed: October 20, 2009 |
| v. ) | |
| ) | Stephen W. Kenyon, Clerk |
| JOHN DOE II ) | |
| ) | |
| Respondent-Appellant. ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Joel E. Tingey, District Judge; Hon. Ryan W. Boyer, Magistrate.

Order terminating parental rights, <u>affirmed.</u>

Randall Crane Attorneys, PLLC, Idaho Falls, for appellant.

Jane Doe and John Doe 1, Blackfoot, pro se respondents.

_____

BURDICK, Justice

John Doe II appeals from the district court order affirming the magistrate court's order terminating his parental rights as to his two children, T.W. and Q.W. Doe II alleges that the magistrate's finding, that the termination of Doe II's parental rights was in the best interest of his children, was not supported by substantial and competent evidence. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

John Doe II is the father of two children, T.W. and Q.W. (the children) born on November 14, 2000, and February 19, 2003, respectively. On February 16, 2007, Jane Doe and John Doe I (the biological mother and stepfather) filed a petition seeking to terminate Doe II's parental rights, and initiate an adoption of the children by Doe I. A termination hearing was held on December 18, 2007, and on January 2, 2008, the magistrate court issued findings of fact and conclusions of law. On January 22, 2008, the magistrate court terminated Doe II's parental

1

rights to the children pursuant to I.C. § 16-2005(1)(e). Doe II submitted a motion for a new trial or amended judgment, which was denied by the magistrate court on July 29, 2008, *nunc pro tunc* July 21, 2008. Doe II appealed from the order terminating parental rights to the district court, which affirmed the order on September 22, 2008.

Doe II and Jane Doe were divorced on March 16, 2004, when Q.W. and T.W. were two and four, respectively. From the time of the divorce until February 19, 2005, Doe II maintained visitation with the children, having them in his custody for three days a week for three weeks, and for one day every fourth week.

On February 27, 2005, Doe II became the subject of a criminal investigation and was unable to visit with the children until December 2005. From December 2005 until March 2006, Doe II had three supervised visits with the children under the direction of Family Court Services. From April 2005 until March 29, 2006, T.W. saw Ruby Walker, Ph.D., (Dr. Walker) for counseling due to Jane Doe's concerns about T.W.'s aggression. On April 6, 2006, Doe II was convicted of voluntary manslaughter with a firearms enhancement and sentenced to thirty years, with twenty-five years determinate.

At the time Doe II was incarcerated Q.W. was four and T.W. was six. Doe II's conviction and sentence were affirmed, and the denial of his motion based upon Idaho Criminal Rule 35 was affirmed by the Idaho Court of Appeals in an unpublished decision on August 16, 2007. If released after serving only his determinate sentence, Doe II will be released on April 6, 2031, when Q.W. is 28, and T.W. is 30.

## II. STANDARD OF REVIEW

As articulated in *Doe v. State*:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefore and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

137 Idaho 758, 759-60, 53 P.3d 341, 342-43 (2002) (internal quotation omitted) (quoting *Nicholls v. Blaser*, 102 Idaho 559, 561, 633 P.2d 1137, 1139 (1981)). "Substantial competent evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion." *In re Doe*, 146 Idaho 759, 761, 203 P.3d 689, 691 (2009) (internal quotations omitted) (quoting *State v. Doe*, 143 Idaho 343, 345-46, 144 P.3d 597, 599-600

(2006)). "'[T]his Court will indulge all reasonable inferences in support of the trial court's judgment' when reviewing an order that parental rights be terminated." *Matter of Aragon*, 120 Idaho 606, 608, 818 P.2d 310, 312 (1991) (quoting *In Interest of Castro*, 102 Idaho 218, 221, 628 P.2d 1052, 1055 (1981)).

### III. ANALYSIS

This case comes before this Court in accordance with a petition filed under Title 16, chapter 20 of the Idaho Code, titled "Termination of Parent and Child Relationship." Idaho Code § 16-2001(2) states, "[i]mplicit in this chapter is the philosophy that wherever possible family life should be strengthened and preserved . . . ." "It is axiomatic that preservation of the family unit is a right protected by the due process clause of the Fourteenth Amendment to the United States Constitution, and that a parent has a fundamental liberty interest in maintaining a familial relationship with his or her child." *In Interest of Baby Doe*, 130 Idaho 47, 50, 936 P.2d 690, 693 (Ct. App. 1997) (citing *Quilloin v. Walcott*, 434 U.S. 246 (1978); *In the Interest of Bush*, 113 Idaho 873, 749 P.2d 492 (1988)). "It is well settled that, in a proceeding to terminate a parent-child relationship, the due process clause mandates that the grounds for termination must be shown by clear and convincing evidence." *Doe v. Dep't of Health and Welfare, Human Servs. Div.*, 141 Idaho 511, 513, 112 P.3d 799, 801 (2005) (citing *Santosky v. Kramer*, 455 U.S. 745 (1982)).

Idaho Code § 16-2005 provides the conditions under which termination of parental rights may be granted, and I.C. § 16-2005(1) states:

> The court may grant an order terminating the relationship where it finds that *termination of parental rights is in the best interests of the child* **and** that one (1) or more of the following conditions exist: (a) The parent has abandoned the child. (b) The parent has neglected or abused the child. (c) The presumptive parent is not the biological parent of the child. (d) The parent is unable to discharge parental responsibilities and such inability will continue for a prolonged indeterminate period and will be injurious to the health, morals or well-being of the child. (e) *The parent has been incarcerated and is likely to remain incarcerated for a substantial period of time during the child's minority*.

(Emphasis added). "Each statutory ground is an independent basis for termination." *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007).

Here the magistrate found by clear and convincing evidence that Doe II is currently incarcerated and likely to remain incarcerated during the remainder of his children's minority.

This finding is clearly supported by substantial and competent evidence, and is not challenged by Doe II on appeal.

Doe II alleges that the magistrate lacked substantial and competent evidence upon which to conclude by clear and convincing evidence that it was in the children's best interest to terminate Doe II's parental rights.

Magistrate courts generally have broad discretion in their deliberations; this Court does not reweigh evidence, but "defer[s] to the trial court's unique ability to 'accurately weigh the evidence and judge the demeanor of the witnesses' and take into account the trial court's 'superior view of the entire situation.'" *Doe,* 144 Idaho at 842, 172 P.3d at 1117 (quoting *Doe v. Roe*, 133 Idaho 805, 809, 992 P.2d 1205, 1209 (1999)). "Findings are competent, so long as they are supported by substantial, albeit possibly, conflicting, evidence." *Roe v. Doe*, 142 Idaho 174, 177, 125 P.3d 530, 533 (2005) (internal quotations omitted) (quoting *Roberts v. Roberts*, 138 Idaho 401, 405, 64 P.3d 327, 331 (2003)). "[T]his Court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated." *Roe,* 142 Idaho at 177, 125 P.3d at 533 (internal quotations omitted) (alteration in original) (quoting *Doe I v. Doe*, 138 Idaho 893, 900, 71 P.3d 1040, 1047 (2003)).

Here the magistrate rested his decision upon three findings of fact, specifically: (1) the prospective step-father is an experienced counselor and will work to ensure T.W. and Q.W.'s emotional health, (2) any emotional bond between Doe II and his children has evaporated, at least from the children's perspective, and (3) it would be deleterious for the children to attempt to reformulate that bond in the prison environment.

It is not disputed that Doe I has been employed by the Department of Health and Welfare, first as a clinician, and then as a clinical supervisor, for over seventeen years. The magistrate court found that "[g]iven [Doe I]'s experience as an experienced Master's level counselor, this court would understand that [Doe I] would see that [Doe II]'s life is woven into the boys' lives in such a way to preserve their emotional health." This is consistent with Doe I's testimony before the magistrate court.

The magistrate court found that "the Guardian *ad litem* testified verbally and in writing that the boys appear to have no independent recollection of [Doe II] without significant prompt which she felt unqualified to provide." This finding is consistent with the Report of the Guardian *ad Litem*, and with her testimony.

4

The magistrate court also found that Dr. Walker "indicated that requiring contact with the young boys and [Doe II] in the prison environment is neither desirous nor healthy." This finding is consistent with the testimony of Dr. Walker at the termination hearing, where she testified, *inter alia*, "I absolutely do not like children seeing parents in jail. I've counseled many children of parents that are incarcerated, and I do discourage it."

It is clear that the findings of facts are supported by substantial and competent evidence and support the magistrate's holding, by clear and convincing evidence, that it is in the best interest of the children for Doe II's parental rights to be terminated.

## IV. CONCLUSION

As there was substantial and competent evidence supporting the factual findings of the magistrate court, we affirm the district court's decision affirming the magistrate court's order terminating Doe II's parental rights.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, **CONCUR.**