**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49700**

| | |
|---|---|
| In the Matter of John Doe I, A Child Under Eighteen (18) Years of Age. | ) )  Filed:  July 1, 2022 |
| | ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | )  Melanie Gagnepain, Clerk )  |
| | )  **THIS IS AN UNPUBLISHED** |
| Petitioner-Respondent, | )  **OPINION AND SHALL NOT** |
| | )  **BE CITED AS AUTHORITY** |
| v. | ) ) |
| JOHN DOE (2022-17), | ) ) |
| Respondent-Appellant. | ) ) ) |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Lincoln County.  Hon. Benjamin D. Harmer, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

James Law Office, PLLC; Brendan L. Ash, Gooding, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Teri Whilden, Deputy Attorney General, Caldwell, for respondent.

Williams, Meservy & Larsen, LLP; Theodore R. Larsen, Jerome, for Guardian Ad Litem.

LORELLO, Chief Judge

John Doe (2022-17) appeals from the judgment terminating his parental rights.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the father of the minor child in this action who was born in 2005.  The child came under the purview of the Juvenile Corrections Act following an altercation with the child's mother.  The case was subsequently expanded into a Child Protective Act proceeding against the mother.

1

Temporary custody of the child was awarded to the Idaho Department of Health and Welfare. At that time, Doe was serving a ten-year prison sentence in Washington.

Approximately one year later, the Department filed a separate action against Doe under the Child Protective Act. The magistrate court approved a case plan for Doe and conducted several review hearings while the child was in the Department's custody. After the magistrate court consolidated both proceedings involving the child, the Department filed a petition to terminate the parental rights of both parents. The magistrate court terminated Doe's parental rights after concluding that clear and convincing evidence showed that he neglected the child and that termination is in the child's best interests.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe asserts the magistrate court erred by concluding that termination is in the child's best interests. The Department responds that substantial and competent evidence supports the

---

[1] The magistrate court also terminated the parental rights of the child's mother. The decision to terminate her parental rights is not at issue in this appeal.

magistrate court's conclusion. We affirm and hold that substantial and competent evidence supports the magistrate court's conclusion that termination is in the child's best interests.

Doe does not challenge the magistrate court's conclusion that the Department established a statutory ground for termination and, thus, we do not address that conclusion. Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A determination that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court made the following findings relevant to its best interests determination: (1) Doe had served a ten-year sentence in prison for armed burglary, intimidation of a witness, and two counts of possession of a controlled substance; (2) following his release from prison in 2020, Doe lived with his mother for a while, but the "residence was not appropriate for the child" because a registered sex offender also lived there; (3) around the time of the termination hearing, Doe was "living in a homeless shelter," which the magistrate court found "was not a stable residence" and "not appropriate to consider as housing for the child"; (4) Doe failed to complete any of his case plan tasks; (5) Doe had not visited the child since the case had been filed; (6) Doe's contact with the child consisted of two or three phone calls approximately one year before the termination hearing, a single social media contact, and some mail; (7) Doe claimed to have been employed for two months following his release from prison, had not reported employment for a sixteen-month period, and did not have a job at the time of the termination hearing; (8) Doe did not "provide[] any money, clothing, or gifts to the child during the time the child was in foster care" and did not follow through on a promise to provide new shoes for the child; (9) Doe was

discharged from drug treatment after a relapse; and (10) Doe lacked "stability" and "has not demonstrated sobriety." The magistrate court further found that the child had "received no support stability, or care" from Doe "for over three years" and that Doe "has been unable to overcome addictions, homelessness, and other personal issues to begin trying to care for his child."

As for the child, the magistrate court found that the child's life had "greatly improved" since he entered foster care. For example, the child "successfully completed his probation" and his "mental health treatment," his "grades have improved in school," and he is employed part-time. In addition, the child, who was sixteen at the time of the termination hearing, "indicated through his attorney that he would like to see the termination of [Doe's parental] rights granted" and "believes that guardianship or adoption by his current foster family would be in his own best interest." The Department caseworker also opined that termination is in the child's best interests.

On appeal, Doe asserts the magistrate court lacked substantial and competent evidence to find that Doe's housing situation was not stable because the caseworker did not "facilitate any sort of home check" or "look into" Doe's housing situation. As Doe recognizes in his appellate brief, however, he "informed [the caseworker] of his living in a family shelter." This provides substantial and competent evidence for the magistrate court's finding that Doe's housing situation was not stable.

Doe also asserts that there is no substantial and competent evidence supporting the magistrate court's finding that the caseworker "was never able to provide a physical copy of the case plan to [Doe] because of poor communication and because [the caseworker] never had a reliable physical address for him." Doe asserts this finding was erroneous because the record shows that the caseworker was aware at the beginning of this case that Doe was incarcerated. We need not determine whether the magistrate court erred in this finding because, even if erroneous, the other findings discussed above provide substantial and competent evidence for the magistrate court's conclusion that termination is in the child's best interests.

On a related note, Doe asserts there "is no evidence that [he] knowingly failed to comply with his case plan." This is incorrect. The caseworker testified that she discussed the case plan with Doe over the phone while he was incarcerated. This was evidence that Doe knowingly failed to comply with his case plan.

This leaves Doe's assertion that he "attempt[ed] to establish contact with [the child] by making scheduled phone calls, writing [the child] letters, and [by] attempting to contact [the child] over [social media]." He also asserts that he "did make an effort to provide a stable living environment" for the child. These arguments invite this Court to reweigh the evidence. This Court's review, however, is limited to whether substantial and competent evidence supports the magistrate court's decision. *See Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65. This Court will not reweigh the evidence. *See Idaho Dep't of Health & Welfare v. Doe (2017-5)*, 162 Idaho 400, 407, 397 P.3d 1159, 1166 (Ct. App. 2017). Doe has failed to show that the magistrate court erred in concluding that termination is in the child's best interests.

## IV.

## CONCLUSION

The magistrate court's conclusion that termination is in the child's best interests is supported by substantial and competent evidence. Doe has failed to show error in the magistrate court's decision to terminate his parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.