IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 50205

| | |
|---|---|
| In the Matter of Jane Doe I, Jane Doe II, and Jane Doe III, Children Under Eighteen (18) Years of Age. | ) ) ) ) |  Filed: January 31, 2023 |
| | ) Melanie Gagnepain, Clerk |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) ) |
| | ) THIS IS AN UNPUBLISHED |
| Petitioner-Respondent, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| v. | ) ) |
| | ) |
| JANE DOE (2022-44), | ) |
| | ) |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Robert Caldwell, Magistrate.

Judgment terminating parental rights, affirmed.

Anne C. Taylor, Kootenai County Public Defender; Patricia L. Espeland, Deputy Public Defender, Coeur d'Alene, for appellant.

Hon. Raúl R. Labrador, Attorney General; Denise L. Rosen, Deputy Attorney General, Coeur d'Alene, for respondent.

_____

LORELLO, Chief Judge

Jane Doe (2022-44) appeals from the judgment terminating her parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of the three children in this action, who were born in 2010, 2014, and 2016. The children were placed into foster care after Doe was found unconscious due to an overdose of heroin and fentanyl. Temporary custody of the children was awarded to the Idaho Department of Health and Welfare. The magistrate court approved a case plan for Doe and the

fathers of two of the children[1] and conducted several review hearings while the children were in the Department's custody. Ultimately, the Department filed a petition to terminate the parental rights of each parent. The magistrate court terminated Doe's parental rights after finding clear and convincing evidence that she had neglected the children and that termination is in the children's best interests.[2] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe asserts the magistrate court erred by concluding that termination is in the children's best interests.[3] The Department responds that the magistrate court's best interests determination

---

[1]  The magistrate court found that the father of one the children had not been established.

[2]  One father died prior to the parental termination hearing and was dismissed from the case. The magistrate court terminated the parental rights of the remaining father; that decision is not at issue in this appeal.

[3]  The section of Doe's appellate briefing identifying the issues presented on appeal states the issue as "[w]hether the magistrate court should have considered the Department's lack of reasonable efforts in determining that the termination of the parental rights of [Doe] was in the best interest of the children in question." Doe, however, presents no supporting argument or

is supported by substantial and competent evidence. We affirm and hold that substantial and competent evidence supports the magistrate court's conclusion that termination is in the children's best interests.

Doe does not challenge the magistrate court's conclusion that the Department established a statutory ground for termination and, thus, we do not address that conclusion. Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship.[4] *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

---

authority in the argument section of her appellate briefing that a lack of effort at reunification by the Department factors into a magistrate court's best interests analysis. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). Consequently, we will not address Doe's challenge to the magistrate court's best interests determination to the extent her issue on appeal is premised on an alleged lack of reasonable efforts by the Department.

[4] We note that the magistrate court believed that, after concluding that one or more of the statutory grounds listed in I.C. § 16-2005(1) has been established, a trial court must examine "whether the best interest of both child *and parent* are served by the termination." (emphasis added). Accordingly, the magistrate court found that "it is in [Doe's] best interest that her parental rights terminate." But termination under the statutory grounds listed in I.C. § 16-2005(1) does not require a finding regarding the best interests of the parent. Instead, the best interests of a parent is a requirement under a different statutory basis for termination. *See* I.C. § 16-2005(3). Consequently, the magistrate court was not required by I.C. § 16-2005(1) to consider whether termination is in Doe's best interests.

The magistrate court made several findings relevant to its best interests determination. As to Doe, the magistrate court specifically found that she: (1) "uses methamphetamine, heroin, and/or fentanyl almost daily"; (2) started using controlled substances at the "age of nine" and "prefers intravenous administration"; (3) "had been in rehabilitation three times" but "her two most recent inpatient rehabilitations were not successful and she began to use within days of discharge"; (4) "failed to complete her case plan"; (5) "used illegal substances throughout the child protection case"; (6) "uses illegal drugs while the children are in her care, but believes they are not at risk"; (7) "did not obtain employment" or "provide documentation that she can financially provide for the basic needs of her children"; (8) has multiple mental health diagnoses that are untreated; (9) "failed to obtain and maintain a stable home for the children that is safe and free from illegal substances"; (10) "has been homeless throughout this case"; and (11) was "in jail on a probation violation" at the time of the magistrate court's termination order and "faces several months in jail." As for the children, the magistrate court found that: (1) the children "have required counseling to address their mental health issues including trauma"; (2) two children "had numerous cavities that required extensive dental care"; (3) the children's "behavior and general mental health has improved with counseling and stability"; and (4) one child "expressed fear at having to return to [Doe's] care." On appeal, Doe has not challenged these findings and, thus, we will not presume any error in them. *See Idaho Dep't of Health & Welfare v. Doe*, 164 Idaho 883, 892, 436 P.3d 1232, 1241 (2019). These findings provide substantial and competent evidence for the magistrate court's conclusion that termination of Doe's parental rights is in the best interests of the children.

On appeal, Doe argues "there was substantial evidence support[ing] that the children had a bond with [Doe]."[5] She asserts that she "established employment, financial stability, a vehicle,

---

[5] We note that, while Doe cites to the record in her statement of the case, there are no citations to the record in the argument section of her brief. As the Department observes, this does not comply with I.A.R. 35(a). Citations to the record are not required in the statement of the case, I.A.R. 35(a)(3), but are required in the argument section of the brief, I.A.R. 35(a)(6). Although some of the facts posited in Doe's argument section are similar to facts in her statement of the case, this is not true of all the facts asserted in the argument section of her brief. Thus, even if we considered the citations in Doe's statement of the case, some of her factual assertions in her argument section lack supporting citations to the record. This Court will not search the record on appeal for error. *Idaho Dep't of Health & Welfare v. Doe*, 150 Idaho 103, 113, 244 P.3d 247, 257 (Ct. App. 2010). Nevertheless, due to the constitutional and fundamental nature of Doe's parental rights, as well as the best interests of the children, we will address the substantive issues regarding termination of Doe's parental rights to the extent she references specific facts in her argument section.

and continued her relationship with her children throughout the case." She also notes that she was the "first to notice" one child's "autism symptoms and took [the child] to be evaluated and diagnosed." Finally, Doe asserts that terminating her parental rights does not serve the children's need for consistency and stability. In essence, these arguments invite this Court to reweigh the evidence. This Court's review, however, is limited to whether substantial and competent evidence supports the magistrate court's decision. *See Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65. This Court will not reweigh the evidence. *See Idaho Dep't of Health & Welfare v. Doe (2017-5)*, 162 Idaho 400, 407, 397 P.3d 1159, 1166 (Ct. App. 2017). Doe has failed to show the magistrate court erred in concluding that termination is in the children's best interests.

## IV.
## CONCLUSION

The magistrate court's conclusion that termination is in the children's best interests is supported by substantial and competent evidence. Doe has failed to show error in the magistrate court's decision to terminate her parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.