# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51142

| | |
|---|---|
| In the Matter of: John Doe I, A Child Under Eighteen (18) Years of Age. | ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) Filed: January 8, 2024 |
| | ) |
| | ) Melanie Gagnepain, Clerk |
| Petitioner-Respondent, | ) |
| | ) THIS IS AN UNPUBLISHED |
| v. | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| JANE DOE (2023-38), | ) |
| | ) |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Courtnie R. Tucker, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Aaron Bazzoli, Chief Canyon County Public Defender; Kenneth Stringfield, Deputy Public Defender, Caldwell, for appellant.

Hon. Raúl R. Labrador, Attorney General; Teri Whilden, Deputy Attorney General, Caldwell, for respondent.

_____

LORELLO, Judge

Jane Doe (2023-38) appeals from the judgment terminating her parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of the minor child in this action who was born in 2017. In August 2021, the child appeared at an emergency room exhibiting extensive bruising to his body and disclosed physical abuse by his father. Doe was uninvolved in the child's life at that time. Temporary custody of the child was awarded to the Idaho Department of Health and Welfare, and the magistrate court approved a case plan and conducted several review hearings while the child was

1

in the Department's custody. Ultimately, a petition to terminate Doe's parental rights was filed and a termination hearing was held in July 2023. The magistrate court terminated Doe's parental rights after finding that clear and convincing evidence showed she had neglected the child and that termination is in the child's best interests.[1]   Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe challenges the sufficiency of the evidence supporting the magistrate court's findings that she neglected the child. The Department responds that substantial and competent evidence supports the magistrate court's termination decision. We affirm the magistrate court's judgment terminating Doe's parental rights.

### A.      Neglect

Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected

---

[1]      The magistrate court also terminated the father's parental rights. The decision to terminate the father's parental rights is not at issue in this appeal.

2

when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.  Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

The magistrate court found, by clear and convincing evidence, that the Department had established statutory grounds of neglect by conduct or omission of the parent, I.C. § 16-1602(31)(a), and by failure of the parent to complete a case plan, I.C. § 16-2002(3)(b). Specifically, the magistrate court found that Doe had not "demonstrate[d] the ability to appropriately parent the child nor meet [the child's] basic needs," had not "provid[ed] any financial support" to the child during the pendency of the case, and had not "overcome the safety concerns that brought [the child] into [the Department's] care."  The magistrate court also found that Doe had not complied with the case plan because she failed to verify stable employment, failed to demonstrate maintained sobriety, and failed to follow through with substance abuse treatment or mental health treatment.  In addition, the magistrate court found that Doe's visitation was inconsistent, that the bond with the child had not improved over the course of two years, and that Doe was unable to provide a safe and stable home because she had been incarcerated on charges relating to the death of her other child.

The evidence presented at the termination hearing in support of the magistrate court's findings included twelve exhibits provided by the Department.  The magistrate court took judicial notice of the twelve exhibits, which consisted of:  the child's birth certificate; several documents from the underlying child protection case, including an order for drug testing, a decree of protective custody and notice of hearing, a case plan order and notice of hearing, and an amended case plan; several documents from the termination case; and several documents from criminal cases involving either Doe or the child's father.  The magistrate court also heard testimony from two social workers involved in Doe's case.  Following the Department's questioning of the second witness, the magistrate court asked several follow-up questions, including whether the emergency

room at which the child was taken into care was in Idaho. Doe did not cross-examine either of the Department's witnesses, did not present any evidence on her own behalf, and did not make any objections. Rather, Doe attended the termination trial only as an observer and did not "contest the proceedings."

Doe contends that the magistrate court abused its discretion by taking judicial notice of the Department's exhibits and asserts the magistrate court "could not make a reasoned decision about the exhibit's admissibility" without an "offer of proof" from the Department identifying "the particular facts in a document or the document's relevancy." Doe further argues that, without the judicially noticed exhibits, there was insufficient evidence to terminate her parental rights. This argument is not preserved because Doe did not object to having the documents judicially noticed or considered by the magistrate court. Indeed, as noted, Doe elected not to participate in the termination proceeding as anything other than an observer. This Court will not consider claims of error raised for the first time on appeal. *Doe v. Doe*, 149 Idaho 392, 398, 234 P.3d 716, 722 (2010).

Doe also contends that, although the magistrate court could, as a general matter, "ask a witness questions," the magistrate court abused its discretion by doing so in this case when the court asked a question "to establish jurisdiction." The specific question Doe challenges is when the magistrate court asked one of the case managers whether the emergency room at which the child was taken into care was located in Idaho. It is unclear that the magistrate court asked the question in order to establish jurisdiction, as Doe contends. Regardless, because Doe did not object to the question, her challenge to the question is unpreserved. *See id*.

Doe has failed to raise any preserved claim to demonstrate error in the magistrate court's determination that she neglected her child.

## B. Best Interests

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's

4

efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that termination of Doe's parental rights is in the child's best interest. At the time of termination, the child had been in foster care for nearly two years. The magistrate court found that the child had "improved in foster care," was "thriving" in his placement, and was "safe and happy" with all of his needs being met. These findings provide substantial and competent evidence for the magistrate court's conclusion that Doe neglected the child and that termination of Doe's parental rights is in the child's best interests.

Doe has not challenged the magistrate court's best interests determination on appeal. As such, she has waived any claim that the determination was erroneous.

## IV.

## CONCLUSION

Doe's claims that the magistrate court erred by taking judicial notice of the Department's exhibits or by questioning a witness during the termination trial are not preserved because they are raised for the first time on appeal. Substantial and competent evidence in the record supports the magistrate court's determination that Doe neglected the child and that termination of Doe's parental rights is in the best interests of the child. The judgment terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.