**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51383**

| | |
|---|---|
| In the Matter of: John Doe I, A Child Under Eighteen (18) Years of Age. | ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) |
| | ) Filed: March 20, 2024 |
| Petitioner-Respondent, | ) ) Melanie Gagnepain, Clerk |
| | ) |
| v. | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| JANE DOE (2023-46), | ) BE CITED AS AUTHORITY |
| | ) |
| Defendant-Appellant. | ) ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Anson L. Call, II, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

David R. Martinez, Chief Bannock County Public Defender; Jessalyn R. Hopkin, Deputy Public Defender, Pocatello, for appellant.

Hon. Raúl R. Labrador, Attorney General; Jason R. Chandler, Deputy Attorney General, Pocatello, for respondent.

Echo Hawk & Olsen, PLLC; Donald A. Sonnefeld, CASA

_____

GRATTON, Chief Judge

Jane Doe (2023-46) (Doe) appeals from the judgment terminating her parental rights to John Doe I (Child). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the mother of Child, who was born in 2019. In 2021, after Child was found wandering alone outside, Child was removed from his parents' custody and placed in the temporary care of the Idaho Department of Health and Welfare (Department). Child's father admitted to using drugs that day, Doe admitted to a positive drug test around that time, and drugs

1

and paraphernalia were found in the home.[1]  The magistrate court held an adjudicatory hearing and ordered Child to be placed in the legal custody of Department.  A case plan was developed and a few months later the magistrate court returned Child to the parents' legal custody.

From September 2021 until December 2022, Child remained under the protective supervision of the Department, but under the condition that Child reside with Doe and that the father was not to be present in the home.  In the fall of 2022, Doe demonstrated significant problems in treatment court, maintained unapproved associations, began leaving Child with family more frequently and for longer periods of time, was not consistently employed, and relapsed. Subsequently, Doe was indicted on federal drug delivery charges and taken into custody.  In December 2022, Child was returned to the legal custody of Department.

At the time of the termination hearing, Doe was in federal custody.  The magistrate court determined by clear and convincing evidence that Doe neglected Child, and that termination of her parental rights is in the best interests of Child.  The magistrate court terminated Doe's parental rights.  Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion.  *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009).  The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.*  The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required.  *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006).  Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain.  *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006).  Further, the magistrate court's decision must be supported by objectively supportable grounds.  *Doe*, 143 Idaho at 346, 144 P.3d at 600.

---

[1]     The magistrate court also terminated the father's parental rights.  The decision to terminate the father's parental rights is not at issue in this appeal.

## III.

## ANALYSIS

Doe argues the magistrate court erred by finding clear and convincing evidence that termination of Doe's parental rights is in the best interests of Child. Specifically, Doe contends the magistrate court erred because it failed to recognize all relevant factors such as the legal relationship being severed with Child's biological sister or consider alternative placement options. The State asserts the magistrate court was not required to assess placement following termination as that falls within the Department's authority.

In this case, the magistrate court terminated Doe's parental rights on the ground of neglect, Idaho Code § 16-2005(b). On appeal, Doe does not contest the magistrate court's finding of neglect. Doe only argues that termination of her parental rights is not in Child's best interests. Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). The best interests analysis is an expansive analysis with no set list of factors a court must consider. *Matter of Doe*, 164 Idaho 511, 516, 432 P.3d 60, 65 (2018); *see In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014) (providing non-exhaustive list of factors a court may consider under the I.C. § 16-2005 best interests analysis). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015). Other factors include the parent's ability to change his or her conduct to assume parental responsibilities, whether there is a good relationship between the child and parent, whether the child has improved while in the parent's care, whether the child's needs are being met, and the parent's ability to provide stability and certainty. *Idaho Dep't of Health and Welfare v. Doe I (2017-21)*, 163 Idaho 83, 89, 408 P.3d 81, 87 (2017).

The magistrate court determined Doe failed to provide for Child's needs, her actions placed Child at risk, and she would be unable to discharge her parental responsibilities for a prolonged indeterminate period due to her incarceration. The magistrate court found the foster family provided stability, safety, and permanency for Child. Doe argues these factors do not outweigh

3

the others that the magistrate court failed to consider. Doe contends the magistrate court failed to consider evidence of how termination would sever the relationship Child had with a biological sister or that guardianship was an option. Doe asserts Child's best interests would be better served through a guardianship because it would provide the same stability for Child as termination, while providing the same outcome for both of Doe's children once she is no longer incarcerated. The magistrate court is not free to ignore relevant evidence that has been admitted. *In re Doe*, 157 Idaho 765, 770, 339 P.3d 1169, 1174 (2014). However, when making findings of fact and conclusions of law, the magistrate court is not required to recite every piece of evidence it considered or relied upon in reaching its decision. *Matter of Doe Child*, 162 Idaho 69, 77, 394 P.3d 112, 120 (Ct. App. 2017).

However, Doe has not shown that the magistrate court disregarded evidence of the benefits of maintaining the family connection or the guardianship option. The parties agree that placement of a child after termination is under the authority of the Department, not the magistrate court. In *Matter of Doe I*, 164 Idaho 883, 889, 436 P.3d 1232, 1238 (2019), the Idaho Supreme Court held:

> [T]he magistrate court did not need to consider where the child was placed in order to properly terminate Mother's parental rights. Even if the magistrate court did consider this when it terminated Mother's parental rights, this Court has made clear that "[o]nce the Department has legal custody of a child under the CPA, the Department and not the court has the authority to determine where the child should live." *Matter of Doe (2017-16)*, 163 Idaho 565, 570, 416 P.3d 937, 942 (2018) (citing *In re Doe*, 134 Idaho 760, 767, 9 P.3d 1226, 1233 (2000)). In fact, even if the Department's decisions were relevant to the termination of parental rights, those decisions are only subject to approval by the magistrate court.

While factors such as a child's improvement in a foster home or a permanent placement option are properly considered in the best interests analysis, the magistrate court was not required to consider the placement of Child in the termination decision. Contrary to Doe's arguments, the evidence relative to Child's placement and the family connection was presented to the magistrate court, which expressed a comprehensive view of the family and placement circumstances in its best interests analysis.

The evidence at trial included Doe's desire to place Child in a guardianship, the Department's view that a guardianship is not in the best interests of Child, and the efforts that had been made to keep Child in contact with his infant sibling. The magistrate court, in conjunction with considering the other relevant best interests factors stated:

4

> Child has been thriving in the care of the foster parents, who are his Father's adopted parents. Foster parents have kept in good contact with Mother, and facilitated near daily video calls with Mother while she has been in custody. Child has also visited Mother once or twice in person. It appears that the current foster parents have the ability to provide for Child's needs. This foster placement allows Child to maintain connections with family members.

Therefore, the record shows that the magistrate court identified the benefits of ongoing family contact and considered Child's placement. Even though the magistrate court is not required to consider placement after termination, the court's analysis indicates a holistic assessment of Child's best interests. Doe's argument on appeal seeks to have this Court reweigh the evidence presented at trial. This Court's review, however, is limited to whether substantial and competent evidence supports the magistrate court's decision. *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65. This Court will not reweigh the evidence. *Idaho Dep't of Health & Welfare v. Doe (2017-5)*, 162 Idaho 400, 407, 397 P.3d 1159, 1166 (Ct. App. 2017).

Substantial and competent evidence supports the magistrate court's determination, by clear and convincing evidence that termination of Doe's parental rights is in the best interests of Child. Therefore, Doe has failed to show the magistrate court erred in terminating her parental rights.

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's determination that termination of Doe's parental rights is in Child's best interests. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.