## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 51608

| | |
|---|---|
| In the Matter of: Jane Doe I and John Doe I, Children Under Eighteen (18) Years of Age. | ) ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) |
| Petitioner-Respondent, | ) ) |
| v. | ) ) |
| JANE DOE (2024-11), | ) ) |
| Respondent-Appellant. | ) ) ) |

Filed: July 11, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

Appeal from the Magistrate Division of the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Anson Call, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

David R. Martinez, Chief Bannock County Public Defender; Heidi J. Despain, Deputy Public Defender, Pocatello, for appellant.

Hon. Raúl R. Labrador, Attorney General; Jason R. Chandler, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Jane Doe appeals from the magistrate court's judgment terminating her parental rights to her children, Jane Doe I and John Doe I (Children).[1] Doe argues the magistrate court erred in finding that termination of her parental rights is in the best interests of Children. The magistrate court's judgment terminating Doe's parental rights is affirmed.

---

[1] Children's biological father's parental rights were also terminated. He appealed from the judgment terminating his parental rights in Docket No. 51609.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2021, the Idaho Department of Health and Welfare (Department) received a referral from law enforcement declaring Children in imminent danger. A Department worker went to Doe's residence and reported that, "Upon entering the home, it was found in deplorable, filthy, and unsanitary conditions." A temporary safety plan was implemented where Children would live with a family member until the residence could be cleaned. Subsequently, a petition was filed for legal custody or protective supervision of Children under the Child Protection Act. Following a hearing, Children were placed under the protective supervision of the Department in the custody of their parents. In February 2022, the magistrate court approved and adopted the previously filed case plan.

In June 2022, the Department filed a motion for removal of Children from Doe's home based on Doe's lack of progress on the case plan and her refusal to allow the Department into her residence since May 2022. The magistrate court ordered removal of Children, and they were placed in the legal custody of the Department in June 2022. A second case plan was filed, approved, and adopted by the magistrate court. After Doe made progress on the second case plan, Doe was granted an extended home visit in June 2023. However, the Department ended the extended home visit after twenty-one days because of Doe's inability to recognize safety threats to Children. In September 2023, the Department filed a petition for termination of Doe's parental rights. The matter proceeded to a termination trial at which multiple witnesses testified. Following the trial, the magistrate court issued a written decision, finding that Doe neglected Children, was unable to discharge parental responsibilities, and it is in Children's best interests to terminate Doe's parental rights. Doe appeals.

# II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater

2

quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007).

### III.

### ANALYSIS

The magistrate court found two statutory bases on which Doe's parental rights could be terminated. First, the magistrate court found that Doe neglected Children in two ways: by failing to exercise proper parental care and control and by failing to complete the case plan. The magistrate court also found that Doe was unable to discharge her parental responsibilities. Doe does not challenge any of these findings as statutory grounds to support the termination of her parental rights; instead, Doe only argues the court erred in finding termination of her parental rights is in the best interests of Children. Specifically, Doe asserts that it is not in Children's best interests to have no legal relationship with their half-siblings.[2] The Department argues the magistrate court correctly found termination is in the best interests of Children.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When

---

[2] The siblings are Doe's two older children who were also removed from their home and placed with their biological father who is different than the biological father of Children.

determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that terminating Doe's parental rights is in Children's best interests because: (1) Doe failed to comply with her case plan; (2) Doe has not demonstrated the ability to care for Children and her inability to care for Children is likely to continue for an extended period of time; (3) Children were thriving in their current foster placement; (4) the current foster family provided significant stability for Children; and (5) Children benefit by stability in their lives that Doe refused to provide.

Doe does not challenge any of the magistrate court's findings. Rather, Doe argues the magistrate court erred because it failed to discuss the legal relationship the magistrate court was severing with Children's half-siblings and the Department presented no evidence that it made reasonable efforts to preserve the relationship between Children and their other siblings. The failure to address this circumstance, argues Doe, means the magistrate court did not recognize all factors relevant to Children's best interests.

We decline to address Doe's argument about Children's siblings because Doe fails to cite any relevant authority to support her argument. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018).

Moreover, it is well established that challenges to best efforts to reunify with *parents* are not relevant to a termination proceeding. *Matter of Doe I*, 164 Idaho 883, 889, 436 P.3d 1232, 1238 (2019). Given that, we cannot see how reunification efforts (or lack thereof) with a *sibling* would be relevant. Doe argues the magistrate court failed to recognize and correctly weigh all relevant factors as to Children's best interests, but the only factor mentioned is the legal

4

relationship between Children and their half-siblings.  Doe cites no authority to demonstrate why that factor is relevant in assessing whether Doe's parental rights should be terminated.  The magistrate court did not err when it concluded that termination of Doe's parental rights is in the best interests of Children.

## IV.

## CONCLUSION

Doe has failed to demonstrate that the magistrate court erred in concluding that termination of Doe's parental rights is in Children's best interests.  Accordingly, the judgment terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.