# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52608

| | |
|---|---|
| In the Matter of: John Doe I and Jane Doe I, Children Under Eighteen (18) Years of Age. | ) ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) |
| Petitioner-Respondent, | ) ) |
| v. | ) ) |
| JOHN DOE (2025-02), | ) ) |
| Respondent-Appellant. | ) ) ) |

Filed: April 30, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

Appeal from the Magistrate Division of the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Karin Seubert, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Jolene C. Maloney, Conflict Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Brianna Allen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

John Doe appeals from the magistrate court's judgment terminating his parental rights to his children, John Doe I and Jane Doe I (Children).[1] Doe argues the magistrate court erred in finding that it is in Children's best interests to terminate Doe's parental rights. The magistrate court's judgment terminating Doe's parental rights is affirmed.

---

[1] Children's mother's rights were terminated in Docket No. 52609. The parental rights of the mother are not at issue in this case.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the biological parent of Children. In June 2023, the Idaho Department of Health and Welfare (Department) filed a Child Protective Act (CPA) petition on behalf of Children. The magistrate court held an adjudicatory hearing on the petition, found Children fell within the purview of the CPA, and placed Children in the custody of the Department. A case plan for Doe was approved after a hearing in August 2023. The State subsequently filed a motion to change permanency goals; the motion was granted, and the State filed a petition to terminate Doe's parental rights to Children. The magistrate court held a trial on the petition in December 2024, where Doe, mother, foster parent, and Department employees testified. The magistrate court subsequently issued its findings of fact, conclusions of law and order terminating Doe's parental rights. The magistrate court found that Doe neglected Children and it is in Children's best interests to have Doe's parental rights terminated. Doe appeals.

# II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id*. The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

# III.

## ANALYSIS

On appeal, Doe does not challenge the magistrate court's findings that he neglected Children and was unable to discharge his parental duties. Doe only argues that the magistrate court

2

erred in finding that it is in Children's best interests to terminate Doe's parental rights. The State argues that the magistrate court did not err because the magistrate court's decision is supported by substantial and competent evidence.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that the best interests factors weighed heavily in favor of termination of Doe's parental rights because Doe had not achieved sobriety, is unemployed, has contributed little to no financial support for Children's care since they entered care, and is entirely dependent upon the charity and generosity of friends and family to meet his basic needs. The magistrate court also found that although Doe made attempts to engage in treatment for his addiction to controlled substances, he had not sustained those efforts and had pending criminal charges. The magistrate court found that, while in care, Children are in a stable, loving, and nurturing home. Regarding John Doe I, the magistrate court found that although he was non-verbal when he entered care, he demonstrated tremendous growth and can now hold a conversation in complete sentences, can count, and identify his colors and shapes. The magistrate court further found that John Doe I engaged in and graduated from services in speech and occupational therapy. Regarding Jane Doe I, the magistrate court found that since entering care, she has learned to walk, talk, and can now identify colors and shapes, and has reached her developmental milestones without concern. Finally, the magistrate court held that termination of Doe's parental rights will facilitate permanency and on-going stability for Children, which is in their best interests.

On appeal, Doe argues that the magistrate court's finding that it is in Children's best interests to have Doe's parental rights terminated is not supported by substantial and competent evidence. Doe first argues that the magistrate court failed to consider the bond between Children and Doe's grandfather in terminating Doe's parental rights. We decline to address this argument because Doe fails to cite any authority supporting his claim that the magistrate court was required to consider such bond. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018).

Doe also argues the magistrate court erred because it found that Doe provided little to no financial support for Children since they entered care, even though the Department never requested that Doe provide financial support. We decline to address this argument because Doe fails to cite to any authority supporting his assertion that the Department is required to request financial support from Doe. *Id.*

Next, Doe argues the magistrate court erred by emphasizing the improvement of Children during their time in foster care because the "improvement" should have been attributed to the natural progress and developmental growth that young children experience in general, and Children were in good health when they came into care, without any outstanding medical needs that were not being met. However, the caseworkers testified that Children's foster parent was responsible for Children's development during the time they spent in care based on the services Children received and the consistent routine provided by their foster parent. John Doe I was not "naturally progressing" at the time he entered care and substantial and competent evidence supports the magistrate court's finding that Children's subsequent development was attributed to their placement in foster care. Thus, the magistrate court did not err in determining that factor weighed in favor of termination.

Finally, Doe argues the magistrate court erred by failing to consider his personal growth and efforts to address his substance use addiction. We disagree. In its decision, the magistrate court found that Doe had not gained sobriety and, although he had made attempts to engage in treatment, Doe failed to sustain those efforts. Therefore, the magistrate court considered Doe's efforts regarding his substance abuse but, nonetheless, concluded that it is in the best interests of Children to terminate Doe's parental rights.

## IV.

## CONCLUSION

The magistrate court did not err in finding that termination of Doe's parental rights is in Children's best interests because its findings are supported by substantial and competent evidence. Therefore, the judgment terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.