# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52169

| | |
|---|---|
| In the Matter of John Doe I, A Child Under Eighteen (18) Years of Age. ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, ) ) ) | Filed: December 17, 2024 |
| Petitioner-Respondent, ) ) | Melanie Gagnepain, Clerk |
| v. ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| JANE DOE (2024-38), ) ) | |
| Respondent-Appellant. ) ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Eric D. Fredericksen, Idaho State Public Defender; Joshua Mills, Deputy Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Peter A. Mommer, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jane Doe (2024-38) appeals from the judgment terminating her parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2023, an officer brought Doe into custody on an order for involuntary detention following Doe's report to medical personnel that she suffered from homicidal ideations against a

family member and had used methamphetamine in the previous twenty-four hours. The officer inspected Doe's home and found a child with little food to eat and no apparent place to sleep.[1]

The Department of Health and Welfare declared the child to be in imminent danger, and he was placed in foster care.[2] A petition under the Child Protective Act was filed. It was confirmed that the child has autism and requires a high level of structure and support at home and in school. A case plan was developed to address Doe's substance abuse, employment, mental health, and parenting in order for Doe to acquire the necessary skills to care for and reunite with her child. A no-contact order was put in place, allowing Doe to only contact the child as allowed by the Department. Initially, Doe attended all visits with the child. However, while the child was in foster care, Doe was incarcerated and missed approximately one-third of the arranged visits with the child.

The Department filed a petition to terminate Doe's parental rights. During the hearing on the petition, the Department presented testimony and exhibits recounting Doe's failure to comply with the terms of her case plan, her ongoing incarceration and involvement with the criminal justice system, her historic and untreated substance abuse, and her untreated mental health issues. Following the hearing, the magistrate court found by clear and convincing evidence that Doe had neglected the child and that termination is in the child's best interests. As a result, the magistrate court terminated Doe's parental rights. Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a

---

[1]    Doe has two children that were taken into custody at the same time. Only the child born in 2015 is relevant to this appeal.

[2]    Doe provided the name of the child's father, and he was considered as a potential placement option after paternity was confirmed. The magistrate court later terminated the father's parental rights to the child, but that termination is not relevant to this appeal.

reasonable mind might accept as adequate to support a conclusion.[3]  *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009).  The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.*  The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required.  *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006).  Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain.  *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006).  Further, the trial court's decision must be supported by objectively supportable grounds.  *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe asserts that the magistrate court erred in finding that termination of her parental rights is in the best interests of the child.  The Department responds that clear and convincing evidence exists that termination is in the best interests of the child.  Because the magistrate court's finding is supported by substantial and competent evidence, we affirm the termination of Doe's parental rights.

### A.    Statutory Basis for Termination

The magistrate court terminated Doe's parental rights on the basis of neglect.  Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31).  Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.  Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary

---

[3]       Doe asserts that a decision terminating parental rights is reviewed for an abuse of discretion.  In support of this assertion, Doe cites *Idaho Dep't of Health & Welfare v. Doe (2013-15)*, 156 Idaho 103, 320 P.3d 1262 (2014).  Although that case recognizes that magistrate courts presiding over termination proceedings have broad discretion in their deliberations, it does not support application of the abuse of discretion standard of review.  *See id.* at 112, 320 P.3d at 1271 (reviewing a best interests determination for substantial evidence).

or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b). The magistrate court found that Doe's substance abuse interfered with her ability to safely parent her child and that her incarceration kept Doe from performing her parental duties. The magistrate court also found that Doe failed to complete her case plan and that the Department has had custody of the child for fifteen of the most recent twenty-two months.

Doe does not challenge the magistrate court's finding that there is a statutory basis for termination. Because Doe does not address the statutory basis for termination of her parental rights, that aspect of the magistrate court's decision is affirmed.

**B.      Best Interests**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

On appeal, Doe argues that there was no evidence presented to prove that maintaining her parental rights would be contrary to the child's best interests. Doe asserts that she had a bonded relationship with the child, exhibited appropriate behavior during supervised visits, and presented an understanding of the child's special needs. Doe's argument is unpersuasive.

At the termination trial, the magistrate court found that Doe's struggle with addiction, her untreated mental health concerns, and her ongoing involvement in the criminal justice system impaired her ability to provide a highly structured home for a special-needs child. The magistrate

4

court also found that Doe had given no indication over the previous seventeen months that her behavior or substance abuse would change in the future. The magistrate court also found Doe had not complied with tasks in her case plan, including not completing a substance abuse evaluation and treatment, not completing a psychological evaluation and treatment, not obtaining safe housing, not providing verification of income, and not completing a protective parenting course. The magistrate court also considered that Doe was incarcerated and had a no-contact order with the child. Finally, the magistrate court found that Doe had missed approximately one-third of her visits with the child while he was in foster care. Accordingly, the magistrate court determined that it is in the best interests of the child to terminate Doe's parental rights. Doe has not shown error in the magistrate court's finding that termination is in the child's best interests.

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's findings that Doe neglected the child and that terminating Doe's parental rights is in the child's best interests. Consequently, Doe has failed to show error in the magistrate court's decision to terminate her parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge HUSKEY and Judge TRIBE, **CONCUR**.