**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 53009**

| | | |
|---|---|---|
| **In the Matter of: Jane Doe I, A Child Under Eighteen (18) Years of Age.** | ) ) ) | |
| **STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE,** | ) ) ) | **Filed: September 8, 2025** |
| **Petitioner-Respondent,** | ) ) ) | **Melanie Gagnepain, Clerk** |
| **v.** | ) ) ) | **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |
| **JOHN DOE (2025-19),** | ) ) | |
| **Respondent-Appellant.** | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Karin Seubert, District Judge.

Judgment terminating parental rights; <u>affirmed</u>.

Magyar, Rauch & Associates, PLLC; Jacob E. Reisenauer, Lewiston, for appellant.

Hon. Raúl R. Labrador, Attorney General; Briana Allen, Deputy Attorney General, Lewiston, for respondent.

_____

HUSKEY, Judge

John Doe appeals from the judgment terminating his parental rights to Jane Doe I (Child). Doe argues his due process rights were violated when the magistrate court changed the permanency goals from reunification to termination of parental rights and adoption shortly after Doe was added as a party to the case. The magistrate court's judgment terminating Doe's parental rights is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the biological father of Child. In October 2024, the Idaho Department of Health and Welfare (Department) filed a Child Protective Act (CPA) petition on behalf of Child.[1] The magistrate court held an adjudicatory hearing on the petition, found Child fell within the purview of the CPA, and placed Child in the custody of the Department. Doe's paternity was later established, and he was added as a party to the case. After being notified of his paternity, Doe did not participate in any of the offered visitations with Child.

Doe was involved in other child protection proceedings that sometimes overlapped. Prior to this case, Doe's parental rights to Child's older sibling were terminated in May 2024. In another child protection proceeding, Doe's parental rights to two other children were terminated in January 2025. Based on Doe's lack of visitation, continued substance abuse, and the other child protection proceedings, the Department filed a motion for a finding of aggravated circumstances; the motion was subsequently withdrawn. Approximately two weeks after Doe had been added to the case, the State filed a motion to change permanency goals. The Department noted that regardless of whether the magistrate court changed the permanency goals, the Department would be moving to terminate Doe's parental rights based on the termination of his parental rights in the two other cases, and his on-going and admitted substance abuse and the resulting criminal charges. Following a hearing, the magistrate court granted the motion.

The Department filed a petition to terminate Doe's parental rights based on neglect, Idaho Code § 16-2005(1)(b), as further defined by I.C. §§ 16-2002(3)(a) and 16-1602(31)(a) (Child was without proper care and control or subsistence, medical, or other care and control necessary for Child's well-being because of the conduct or omission of Doe) and I.C. § 16-1602(31)(b) (Doe is unable to discharge his responsibilities for Child, and as a result, Child lacked the parental care necessary for her health, safety, and/or wellbeing). The Department also alleged that Doe is unable to discharge his parental responsibilities, and such inability would continue for a prolonged indeterminate period of time, pursuant to I.C. § 16-2005(1)(d).

The magistrate court held a trial on the petition in June 2025, and despite receiving proper service of the petition and notice of the trial, Doe did not attend the trial. At trial, the magistrate

---

[1] The biological mother's rights to Child were also terminated; that termination is not at issue in this appeal.

court heard testimony from the foster mother and the case worker. The magistrate court subsequently issued its findings of fact, conclusions of law, and order terminating parental rights. The magistrate court found that Doe neglected Child and it is in Child's best interests to have Doe's parental rights terminated. Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id*. The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe does not challenge the magistrate court's findings that he neglected Child on alternate bases and is also unable to discharge his parental duties. Doe also fails to challenge the magistrate court's findings that it is in Child's best interests to terminate Doe's parental rights. Instead, Doe argues the magistrate court's decision to change the permanency goals to termination of Doe's parental rights only a month after Doe was added to the case prevented Doe from having a full and fair opportunity to work his case plan. The Department argues Doe has waived any claim on appeal because any challenge to the permanency plan had to be raised in the CPA case, not during the termination proceeding. Similarly, the Department argues Doe's failure to challenge the statutory bases for neglect or the best interests finding results in the waiver of the argument on appeal. Finally, the Department argues the magistrate court's findings regarding the statutory

3

bases for termination of Doe's parental rights and its finding regarding the best interests of Child are supported by substantial and competent evidence.

As an initial matter, all issues waived in this appeal are waived by Doe's failure to cite to the record on appeal in his appellant's brief. Idaho Appellate Rule 35(a)(6) requires that the appellant cite to authorities, statutes, and parts of the transcript relied upon. Doe's appellate briefing fails to comply with this rule. This Court will not search the record on appeal for error. *Idaho Dep't of Health & Welfare v. Doe*, 150 Idaho 103, 113, 244 P.3d 247, 257 (Ct. App. 2010).

A party waives an issue on appeal that is not supported by argument and authority. *Idaho Dep't of Health & Welfare v. Doe*, 163 Idaho 707, 711, 418 P.3d 1216, 1220 (2016). Here, the magistrate court found that Doe neglected Child pursuant to I.C. § 16-2005(1)(b), as further defined by I.C. § 16-1602(31)(a) and (b). The magistrate court also found that Doe was unable to discharge his parental responsibilities pursuant to I.C. § 16-2005(1)(d). Doe has not challenged any of these statutory bases; consequently, he has waived any claim of error on appeal. Similarly, Doe has not challenged the magistrate court's finding that it is in Child's best interests to terminate Doe's parental rights, so that issue is also waived on appeal. As a result, we affirm the magistrate court's findings that Doe neglected Child on two alternate statutory bases and that Doe was unable to discharge his parental responsibilities. We also affirm the magistrate court's order that terminating Doe's parental rights was in the best interests of Child.

The only order Doe challenges on appeal is the order granting the State's motion to change permanency goals. Doe argues his due process rights were violated when the permanency plan was changed from reunification to termination because he did not have a full and fair opportunity to work his case plan. The Idaho Supreme Court has held that the "inquiry into reunification efforts is not relevant for the court to terminate parental rights." *Dep't of Health and Welfare v. Doe (2017-21)*, 163 Idaho 83, 96, 408 P.3d 81, 94 (2017). Thus, any challenges to reunification, including changing the permanency goals, should have been raised in the CPA case and are not relevant during a termination proceeding. Additionally, the Idaho Supreme Court has held that there is no due process violation vis-á-vis the Department's reasonable efforts at reunification (or lack thereof) where a subsequent termination trial requires the Department to prove the statutory grounds for termination by clear and convincing evidence. *Matter of Doe I*, 164 Idaho 883, 890, 436 P.3d 1232, 1239 (2019). Consequently, Doe's challenge to the magistrate court's order

changing the permanency goals to termination of parental rights is irrelevant to the termination proceeding in this case.

However, even if reviewed on the merits, Doe's argument fails. Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

A review of the record supports the magistrate court's findings that there were three independent statutory grounds on which to terminate Doe's parental rights. Similarly, the record supports the magistrate court's findings that terminating Doe's parental rights is in the best interests of Child.

## IV.

## CONCLUSION

The magistrate court did not err in finding statutory grounds for termination of Doe's parental rights and that termination is in Child's best interests because its findings are supported by substantial and competent evidence. Therefore, the judgment terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.

5