**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 53117**

| | |
|---|---|
| In the Matter of: <br> **Jane Doe I and Jane Doe II, Children** <br> **Under Eighteen (18) Years of Age.** <br> **STATE OF IDAHO, DEPARTMENT OF** <br> **HEALTH AND WELFARE,** <br><br> Petitioner-Respondent, <br><br> v. <br><br> **JANE DOE (2025-32),** <br><br> Respondent-Appellant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) **Filed: December 10, 2025** <br> ) <br> ) **Melanie Gagnepain, Clerk** <br> ) <br> ) **THIS IS AN UNPUBLISHED** <br> ) **OPINION AND SHALL NOT** <br> ) **BE CITED AS AUTHORITY** <br> ) <br> ) <br> ) <br> ) |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Courtnie R. Tucker, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Eric D. Fredericksen, State Public Defender; Alex W. Brockman, Deputy State Public Defender, Caldwell, for appellant.

Hon. Raúl R. Labrador, Attorney General; Richard W. Roberts, Jr., Deputy Attorney General, Caldwell, for respondent.

_____

GRATTON, Chief Judge

Jane Doe (2025-32) appeals from the decision of the magistrate court terminating her parental rights. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the biological mother of Jane Doe I and Jane Doe II (Children). After Jane Doe II's birth, her umbilical cord tested positive for methamphetamine and amphetamine. The Idaho Department of Health and Welfare (Department) and the Nampa Police Department investigated, and Doe admitted to using methamphetamine while pregnant. Because Children's father was incarcerated and no relatives were available, the Department took Children into custody.

1

The State filed a Child Protective Act (CPA) petition in July 2023. At the shelter care hearing, Doe stipulated to having an unstable home environment and Children remained in the Department's custody. Doe failed to appear for the adjudicatory hearing, and the magistrate court found the Children came within the CPA's jurisdiction based on instability in the home. The magistrate court approved a case plan requiring Doe to complete substance abuse treatment, submit to testing, obtain stable housing, and participate in visitation. The magistrate court warned Doe noncompliance could lead to termination.

At review hearings held between January and April 2024, the Department reported that Doe completed a substance abuse assessment but failed to participate in treatment, drug testing, or regular visitation. The magistrate court changed the permanency goal from reunification to termination. The State filed a petition for termination, alleging neglect, abandonment, and failure to comply with the case plan. Although Doe later resumed visitation and enrolled in treatment, she continued to miss urinalysis testing. The magistrate court granted the State's motion to cease reasonable efforts and visitation.

The termination trial was held in May 2025; Doe was present and testified. The magistrate court entered its findings and judgment terminating Doe's parental rights to Children, concluding termination is in Children's best interests. Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

On appeal, Doe does not challenge the magistrate court's finding that she neglected Children. Doe only argues the magistrate court erred in finding that it is in Children's best interests to terminate Doe's parental rights. The Department argues the magistrate court did not err in finding either that Doe neglected Children or that termination of Doe's parental rights is in Children's best interests.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's effort to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012). Because Doe does not challenge the magistrate court's finding that Doe neglected Children, we need only address whether termination of Doe's parental rights is in the best interests of Children.

Doe argues that, while the record demonstrates she struggled with substance abuse, at the time of trial she: (1) was sober; (2) had a continuing bond with Children; and (3) had a stable home environment. Doe asserts the evidence before the magistrate court was mixed and does not meet the clear and convincing standard required to terminate parental rights.

In regard to her sobriety, the magistrate court noted Doe did complete a mental health evaluation, which recommended she engage in substance abuse treatment, mental health treatment, and submit to drug testing. Doe participated in a substance abuse treatment course, but the magistrate court found she failed to follow through with aftercare treatment. Additionally, Doe failed to submit to drug testing. The magistrate court found Doe missed over 100 scheduled drug tests. The only drug test the Department could recall Doe participating in was done on the eve of

the termination trial. During the month of the termination trial, Doe gave birth in Oregon and the child was removed from her care because she tested positive for illegal substances at the time of birth. The magistrate court found Doe failed to verify any period of sobriety through testing.

The magistrate court also found Doe's visitation with Children was problematic. Doe was very inconsistent when exercising visits and she was often difficult with staff, at times yelling and engaging in name-calling. Doe was not always engaged during visits and fell asleep during a visit where she was not easily roused by staff. The Department also testified there was conflict during visits due to Children referring to their foster mother as "mommy." Doe would subsequently yell at Children to correct this behavior. The magistrate court found Doe never progressed beyond supervised visitation or demonstrated enhanced parenting skills. Doe described her relationship with Children as "rocky."

Further, the magistrate court found Doe never communicated with the Department about where she was living and did not verify that she had a safe and stable home for Children. The Department was unable to conduct a home visit to assess Doe's home. Although Doe claims to have had stable housing with a friend who committed to supporting Doe and Children indefinitely, Doe testified at trial she had been living at a senior living facility temporarily, and that she had applied for her own place. The magistrate court found Doe does not have appropriate housing for Children to be placed in her care.

In finding it is in Children's best interests to terminate Doe's parental rights, the magistrate court first referenced its findings relative to neglect by failing to complete the case plan. The magistrate court found Doe did not complete her case plan tasks; namely, Doe did not verify safe and stable housing, submit to drug testing as requested, obtain a mental health evaluation and follow the recommendations, attend visitation and service appointments with Children, complete a parenting class, or maintain contact with the Department. Ultimately, the magistrate court found that Doe remains unstable. Specifically, the magistrate court found Doe's sobriety and mental health remained unaddressed; Doe does not have a safe and stable home; and Doe is facing another child protection case involving the recent birth of another child who tested positive for illegal substances. Further, the magistrate court noted Doe had not bonded with Children.

Finally, the magistrate court found Children are happy and healthy in foster care. All Children's needs are met by their foster parents. Children are safe, stable, and have improved in foster care. The Idaho Supreme Court has noted the evaluation of best interests of the children

4

"includes their physical, mental, and emotional well-being with all parties involved." *In re Doe*, 157 Idaho 14, 16, 333 P.3d 125, 127 (2014). Likewise, children can be negatively impacted when a parent fails to maintain a normal parental relationship with them. *Id.* at 17, 333 P.3d at 128. The magistrate court found Doe has not demonstrated that she can provide the consistency and support Children need for their well-being.

The magistrate court's findings are supported by substantial and competent evidence in the record. Therefore, the magistrate court did not err in concluding it is in the best interests of Children to terminate Doe's parental rights.

## IV.
## CONCLUSION

Doe has failed to show error in the magistrate court's decision to terminate her parental rights. Accordingly, the judgment of the magistrate court terminating Doe's parental rights is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.