## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 53446

| | |
|---|---|
| In the Interest of Jane Doe I and John Doe I, Children Under Eighteen (18) Years of Age. | ) ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) |
| | ) Filed: January 13, 2026 |
| | ) |
| Petitioner-Respondent, | ) Melanie Gagnepain, Clerk |
| | ) |
| v. | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| JOHN DOE (2025-43), | ) BE CITED AS AUTHORITY |
| | ) |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Thomas J. Kershaw, Jr., Magistrate.

Judgment terminating parental rights, affirmed.

Cindy L. Campbell, Wendell, for appellant.

Hon. Raúl R. Labrador, Attorney General; James T. Baird, Deputy Attorney General, Twin Falls, for respondent.

---

LORELLO, Judge

John Doe (2025-43) appeals from the judgment terminating his parental rights. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

In November 2023, law enforcement received a report of a mother being physically aggressive with two children in public, which was caught on a security camera. Doe is the father of the two children. Doe's two children were removed from their mother's custody and placed in the custody of the Idaho Department of Health and Welfare. At the time, Doe was not living with

1

the children and did not have appropriate housing for them. Following a shelter care hearing, the magistrate court found that neither Doe nor the children's mother had a stable home for the children. The children remained in the custody of the Department.

At the subsequent adjudicatory hearing, both parents stipulated to the Department maintaining custody of the children because neither parent had a stable home environment. The children's mother admitted to the abusive incident but minimized the seriousness of the event. Doe admitted that he was not able to care for the children at that time because he did not have suitable housing and was struggling with alcohol addiction. The children were ordered to remain in the Department's custody. The Department developed case plans for both parents, and the magistrate court held periodic reviews, status hearings, and permanency hearings to monitor the parents' progress. During this time, the Department and the children's guardian ad litem reported that neither parent was making significant progress on their case plans.

In November 2024, the Department filed a petition to terminate Doe's parental rights. Doe was granted a continuance because of his incarceration. The magistrate court continued to have regular review hearings, and the children remained in the care of a foster family. The magistrate court denied Doe's request for a second continuance because he remained incarcerated and subsequently held a hearing on the petition to terminate his parental rights in October 2025. During the hearing on the petition, the Department presented testimony and exhibits recounting Doe's failure to comply with the terms of his case plan, his ongoing incarceration, and his historic and untreated substance abuse. Following the hearing, the magistrate court found by clear and convincing evidence that he had neglected the children and that termination is in the children's best interests. The children's mother consented to the termination of her parental rights. As a result, the magistrate court terminated the parental rights of both Doe and the children's mother. Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences

2

in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe asserts that the magistrate court erred in finding that the termination of his parental rights is in the best interests of the children. The Department responds that the magistrate court's decision is supported by clear and convincing evidence. We affirm the judgment terminating Doe's parental rights because he has failed to present any argument in support of his claim that the magistrate court erred.

### A.    Statutory Basis for Termination

The magistrate court terminated Doe's parental rights on the basis of neglect. Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen[1] of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b). The magistrate court found that

---

[1]    At the time the Department filed the petition to terminate Doe's parental rights, the statutory timeframe under I.C. § 16-2002(3)(b) was fifteen out of the most recent twenty-two months. Subsequently, the statute was amended to twelve of the most recent twenty-two months.

Doe's alcohol abuse interfered with his ability to safely parent his children and that his incarceration kept him from performing his parental duties. The magistrate court also found that Doe failed to complete his case plan and that the Department has had custody of the children for fifteen of the most recent twenty-two months.

Doe does not challenge the magistrate court's finding that there is a statutory basis for termination. Because Doe does not address the statutory bases for termination of his parental rights, we will not consider the merits of the magistrate court's decision.

**B.     Best Interests**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

On appeal, Doe presents a single conclusory statement in a heading that the Department "failed to prove by clear and convincing evidence that termination was in the child's best interests." Additionally, Doe refers to only one child in this heading. It is unclear whether this is a typographical error, particularly since Doe provides no argument in support of his claim. Instead, the "analysis" section of Doe's brief only cites the legal standards governing a best interests determination. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). Accordingly, we decline to consider the merits of Doe's conclusory statement that the magistrate court erred in finding that termination is in the children's best interests.

4

## IV.

## CONCLUSION

Doe has failed to present any argument to support his conclusory claim that the magistrate court erred in terminating his parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Chief Judge TRIBE and Judge HUSKEY, **CONCUR**.